**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BASILIO AQUILES DEL VALLE** | : | |
| **PETITIONER** | : | **CASE NO. CR04-107-02** |
| | : | |
| **V.** | : | **CIVIL NO. ___________** |
| | : | |
| **UNITED STATES OF AMERICA** | : | CA 06 88 |
| **RESPONDENT** | : | |

**PETITIONER'S PRO SE**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO VACATE, SET ASIDE OR CORRECT SENTENCE**
**UNDER 28 U.S.C. §2255**

NOW COMES Basilio Aquiles Del Valle Petitioner pro se in his Motion to Vacate, Set Aside or Correct Sentence Under U.S.C. §2255, and hereby respectfully request this Honorable Court for relief herein based upon the following:

## I _ CASE HISTORY

Petitioner, along with Co-defendant, Jose Gabriel Del Valle was charge via information, charging him. Conspiracy to posses with intent to distribute 500 grams but less than 2 Kilograms of Cocaine. Count one. There was no charge against Petitioner regarding possesing a firearm during and in realation to a drug trafficking crime.

On December 13, 2004 Petitioner plead guilty before a U.S.

Magistrate Judge as to the only Count of the information, Counsel for Petitioner advise and Petitioner agreed to stipulate to the following in exchange for the defendants guilty plea to the information, the Government has agreed to recommend that the Court impose the lowest term of imprisonment from the guidelines range, or the statutory minimum, whichever is greater. However if the defendant qualities for the safety valve, the Government will recommend the lowest sentence of the applicable range of the guideline. Additionally the Government has agreed to recommend a decrease for acceptance of responsibility.

Petitioner did not stipulate as to Section 2D1.(b)(1) of the guidelines regarding a dangerous weapon (including firearms) was possessed in the offense. That was not part of the agreement.

Defendant agrees that the sentencing Judge can find by a preponderance of the evidence any fact which is relevant to determining his guideline sentencing range, and to decide whether and how much to depart from that range. (Plea agreement page 1(2)(a)).

On March 4, 2005, Petitioner was sentence to 46 months of imprisonment. At sentencing, Counsel for Petitioner didn't argue for a minor role in the offense, and Counsel didn't properly litigate as to the enhancement under 2D1.1(6)(1) for the possession of a weapon in the offence by his Co-defendant.

After sentencing, Petitioner request his Counsel to appeal his sentence because Petitioner didn't plea, as to the use of a

firearm in relation to a drug trafficking crime, and Booker and Blakely, establish that all facts should been proven beyond any reasonable doubt, or accepted, in a plea.

Despite Booker's issue, Petitioner stipulate in the plea that the Judge can find by a preponderance if the evidence any fact which is relevant to determining his guideline, sentencing range, but this did not occur in his case. Petitioner also request Counsel to appeal, regarding the minor role participation in the offense, base on the statements on behalf of Petitioner by Prosecutor, at sentencing.

Counsel agree to appeal, and never did. Therefore Petitioner's sentence should be Vacated, Set Aside or Corrected.

## II _ ISSUE

Petitioner, submits that the sole issue presented in his petition for habeas corpus relief is whether Counsel's failure to file an appeal, at his request. Counsel's failure to properly litigate the firearm enhancement. Counsel's failure to request the minor role participation, downward departure, constitutes, perse ineffectiveness of counsel.

## III _ RULE OF LAW

" A defendant claiming ineffective assistance of counsel must show:

(1) That Counsel's representation fell below an objective standard of reasonableness and,

(2) That Counsel's deficient performance prejudice the defendant".

**Roe v. Flores Ortega,** 528 **US 470, 476-77 (2000) quoting, Strickland v. Washington, 466 US 668 (1984).**

The test applies to a petitioner's claim that counsel was ineffective for failing to file a notice of appeal. **Id. at 477. see also United States v. Nino,** 878 **F 2d 101, 104 (3rd Cir. 1989); United States v. McGill, 11 F. 3d 223, 225 (1st. Cir. 1993).**

Furthermore, Basilio Aquiles Del Valle, submits that persons convicted in Federal District Courts have a right to a direct appeal. **Coppedge v. U.S., 369 U.S. 438 (1962).** In addition, the Sixth Amendmend right to counsel extends to direct appeal, **Douglas v. California, 372 U.S. 353 (1963),** and it obligates the attorney to file the appeal and identify possible issues for the Court even if, in the attorney's opinion, those issues are not meritorious **Anders v. California, 386, U.S. 738 (1967).**

Finally, this Circuit has declared that persons who have lost their rights to a direct appeal of his conviction and sentence, through the dereliction of his counsel, is entitle to a new appeal without first showing that there is a meritorious appellate issue. See **Bonneau v. United States, 961 F. 2d 17 (1st. Cir. 1992).**

According to **Strickland, " a convicted defendant making a**

**claim of ineffective assistance of counsel, must, identify the acts or the omissions of counsel that (were) not the result of reasonable and professional judgment.' Strickland, Supra, 466 U.S. at 695.** As in the present case, the petitioner was denied the right to effective assistance of counsel through-out the remaining judicial process. The right to effective assistance of counsel does not end at the conclusion of trial, but, continues through-out the remaining phases of the process. It is without question that the right to effective assistance of counsel includes, **Trial, Sentencing, and Direct Appeal, see: Strickland, Supra.**

The purpose of the Sisth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defence in order to constitute ineffective assistance of counsel in certain Sixth Amendment cases, as will be established in the present case, prejudice must be presumed. In the context of actual or constructive denial of the assistance of counsel, it is legally presumed to result in prejudice. In **Childress v. Johnson, 103 F. 3d 1221 (2d. Cir. 1977)**, the court held that: 'A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading up to counsel's ineffectiveness are so egregious that the defendant was denied any meaningful assistance at all.'

In the present case it is well settled that individuals convicted in the Federal District Courts, have a Constitutional right to appeal there convictions. See: **Coppedge v. United State,**

**369 U.S. 438, 62 S. Ct. 917, 8 L. Ed. 2d 21 (1962). also, Peavy v. United States, 31 F. 3d 1341 (6th Cir. 1994) as noted:**

> 'The proper procedure by which to challenge a Federal conviction is pursuant to **28 U.S.C. §2255**, which provides in pertinent part:
>
> Unless the motion, records and files of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served on the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.' (Emphasis Added).

Therefore , without **Strickland,** there would be no question about it, in a nut shell, it is undisputed that the right to effective assistance of counsel includes all stages of the criminal judicial process.

In **Cial v. United States** **59 F. 3d 296(2d, Cir. 1996) the Second Circuit** noted that the general rule under **28 U.S.C §2255.** is that, **'the moving party is entitled to an evidentiary hearing, unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief.'** The test is whether the movant might have prevailed if he had been given the chance to prove his alligations. See: **United States v Amlani, 111 F. 3d 705 (6th. Cir. 1997) as noted: (alligations in (a) Section §2255, must be presumed true.)**

In the context of a guilty plea, absent an expressed waiver of the right to appeal his sentence, a defendant who pleads guilty and is sentenced under the guidelines, has a right to **Direct Appeal** of his sentence. See: **United States v Bushert, 997 F 2d. 1343 (11th. Cir. 1993).**

In addition, because of the opportunity to file a Direct Appeal, a defendant does not have the right to raise guideline issues in a Section **28 U.S.C. §2255** proceeding. See: **Cross v. - United States, 893 F. 2d 1287 (11th. Cir. 1990)(holding that a prisoner may not litigate claims in a Section §2255 proceeding that were not raised on Direct Appeal)** absent a showing of cause and prejudice as established under the Supreme Court's holding in, **United States v. Frady, 456 U.S. 152, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982).**

Therefore, the right to effective assistance of counsel includes, **Direct Appeal**. See: **Douglas v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).**
What is especially problematic in the present case, is that the defense counsel simply dropped the ball after the defendant was sentenced and failed to file a **Notice of Appeal**, thus resulting in a constructive denial of counsel.

In **Strickland, Supra,** as previously noted, the Supreme Court announced its now--familiar general standart for evaluating ineffective assistance of counsel claims. In short, a defendant is entitled to relief if his counsel's performance was deficient, that is if it fell below the wide range of professionally competent assistance demanded of attorney's by the **Sixth Amendment** to the **United State - Constitution**, and the defendant suffered prejudice from said deficient performance.

In the case at bar, petitioner identifies performance as:

1) Counsel's failure to file the Notice of Appeal: and resulting with prejudice is of course:

2) The loss of the right to appeal.

Without Strickland, there would be no question about it, in a nut shell, the loss of the right to appeal because of attorney malfeasance or nonfeasance, without more, is enough to antitle (a) petitioner to relief. In Rodriguez v. United States, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969), the Supreme Court Stated:

> 'The Court of Appeal seems to require an applicant under 28 U.S.C. §2255, to show more than (a) simple deprivation of the right to appeal before relief can be accorded. It also requires him to show some likelihood of success on appeal: if the applicant is unlikely to succeed, the Court of Appeal would characterize any denial of the right to appeal as a species of harmless error. We can not subscribe to this approach.
>
> Those whose right to appeal (which have) been frustrated should be treated exactly like any other appellant: they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.'

In Becton v. Barnett, 920 F. 2d 1190 (4th. Cir. 1990) the Fourth Circuit addressed the 'prejudice' prong of the Strickland test, when the Court noted: 'The effect of counsel's failure to appeal was that Becton lost his ability to protect his vital interest at stake. He was unable to attempt to demonstrate that his conviction was unlawful through the appellate process. For Whatever reason Becton's appeal was not filed. As a result, Becton, might have been prejudiced by his counsel's ineffective assistance. In the case at bar, defence counsel failed to file a Notice of Appeal after the defendant expressed his desire to appeal.

There can be no question, after (a) desire to appeal is shown by an indigent defendant, the vary least which counsel must do, is inform the defendant of his right to appeal without cost: of the need for a complete transcript of the proceedings: and of the availability of (the) transcripts without cost. If at this time appointed counsel or otherwise, decides that he cannot or will not continue to represent the defendant, he must so inform the defendant, in addition to informing him of his right to appointment of another counsel, and of the procedure through which the transcripts and appeal may be obtained if counsel is not desired. See: **Turner v. - North Carolina**, 412 F. 2d 486 (4th. Cir. 1969).

In the case at bar, defense counsel not only failed to file a **Notice of Appeal**, but he failed to inform the petitioner of any of the factors stated in **Turner**, **Supra**.. In **Swenson v. Bosler**, 368 U.S. 258, 87 S. Ct. 996, 18 L. Ed. 2d 33 (1967), the **Supreme Court stated**:

> "It is now well settled that where the assistance of counsel is a constitutional requisite, the right to furnished counsel does not depend upon request.
>
> When a defendant whose indigency and desire to appeal are manifest does not have the service of his trial attorney on appeal, it simply can not be inferred from the defendant's failure to specifically request appointment of appellate counsel that he knowingly an intelligently waived his right to the appointment of appellate counsel."

In **Solis v. United States**, 252 F. 3d. 289 (3rd. Cir. 2001), the **United States Court of Appeals** for the **Third Circuit** held:

> When a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on the issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it.

Accordingly, in the unlikely event that the goverment opposes this issue, it is clear that the petitioner is entitle to an **Evidentiary Hearing** pursuant to **Solis**, **Supra..** At the onest, it should be noted that the instant action involves a **Rule (11) plea agreement**, that the defendant via defense counsel entered into with the government. It is this **'agreement'** that will be the next focus of the within action.

In the case at bar, Petitioner received ineffective assistance of counsel through out the entire process underlying the instant offense 28 U.S.C. action. Specifically, **defense counsel informed the petitioner that he would not be subject to the enhancement for possessing a fire-arm in relation to a drug trafficking crime. Because neither him or his cousin were ever charge with 924(c) possession of a fire-arm in relation to the offence.** Counsel didn't request a minor participation role for Petitioner. Although, under the due process clause, the defendant does not have to receive notice of the possibility of an enhancement, prior to the entry of his guilty plea, however a key to successful litigation under the United States Constitution provision is aggressive and complete investigation by the defense counsel, of all possible, sentence.

Is undisputed that the right to effective assistance of counsel, includes, **Sentencing** and a sentence imposed without effective assistance of counsel **'must be vacated'** and reimposed in order to permit facts in mitigation of punishment to be fully and freely developed. See **United States v. Iaquinta**, **719 F. 2d 83 (4th Cir. 1983) also, United States v. Burkley, 511 F. 2d 47 (4th Cir. 1975).**

In the instant case as previously noted: the Petitioner entered into a Rule(11) contract with the Government. Pursuant to this contract, their was never any mention of an enhancement for **the possession of a weapon, in relation to a drug trafficking** United States in relevant part:

> **Section 2D1.1 (b)(1) states that if a dangerous weapon (including firearm) was possessed, increase by two levels. In application note 3, of Section 2D1.1 states that the adjustment should applied if the weapon was present, unless it is clearly improbably that the weapon was connected with the offense.**

In **United States v. Day, 969 F. 2d 39 (3rd. Cir. 1992), the Third Circuit** in determining whether the appellant's trial attorney's representations during plea negotiations was deficient stated that: **Because the U.S.S.G. have become a critical and in many cases, dominant facet of the Federal Criminal proceedings, we can say, however, that familiarity with the structure and basic content of the Guidelines..has become a necessity for counsel who seek to give effective representation.**

A failure to investigate, participate in and prepare for the sentencing proceedings fails to satisfy and objective standard of reasonable representation and therefore falls below **Sixth ---- Amendment**, standards for effective assistance of counsel.

**Arredondo v. U.S., 178 F 3d 778**

## IV _ APPLICATION

In the instant case, Petitioner will identify Counsel's

error, accordingly with the first prong of Strickland as:

(1) Counsel's failure to appeal, under Petitioner request.

(2) Counsel's failure to properly investigate the guidelines, before intering a guilty plea, in order to correctly inform Petitioner, if the possession of a firearm, by his cousin even if he was not charge with that weapon, was going to be use to enhance Petitioner sentence.

(3) Counsel's failure to file a Motion for minor, role in the offense, on behalf of Petitioner.

The second prong of Strickland can be met in the instant case, even though that Counsel didn't file an appeal, and prejudice can be presume, if Counsel would properly advocate for Petitioner, Petitioner would receive a lesser sentence.

Petitioner first asserts that he requested his Counsel to appeal, the denial of his request, not to be enhance for possession of a weapon, in relation to drug trafficking crime. Counsel agreed to appeal, and never did.

Petitioner respectfully submits that Counsel's failure to file an appeal resulted in a lost opportunity and ability to protect his vital interest at stake. Petitioner was unable to attempt to demonstrate that he was, wrongly enhance for a weapon he didn't possess, through the appellate process. For whatever reason Petitioner's appeal was not filed. As a result Petitioner feels that he was prejudiced by Counsel's ineffective assistance.

**Roe v. Flores Ortega,** 528 U.S. 470, 476-77 (2000) quoting **Stricklad v. Washington,** 466 U.S. 668 (1984).

Petitioner, believes that the Sentencing Court err, when assured that Booker, does not require that there be a finding of his knowledge, beyond a reasonable doubt. **(See Sentencing Transcript page 3, line 18 to 21)**

The Court:

> "...But beyond that, Booker does not require that there be a finding of his knowledge, beyond a reasonable doubt. That's what Booker resolved, that doesn't have to occur."

Booker did, establish that any fact other than a prior offense, has to be, find by Jury, or admitte in a guilty plea by defendant. Petitioner didn't admit as to the possession of a firearm in relation to a drug crime, because, he didn't possess, any weapon charge, in his information. Apparently the Court was confused with Petitioner cousin, who was a Police Officer, at the moment of the offense. For it the Court stated:

> " Beyond that, the recitation of the facts at the plea colloquy, I believe, included the presence of the gun, and the defendant agreed at the plea colloquy to the Prosecution's version of the facts."
> (See sentencing transcript page 6 lines 3 to 6)

Obviously, the Court was confusing, Petitioner with his cousin, and the Court was using the possession of the weapon as a fact of the offense.

Petitioner never admit, the possession of a weapon on his plea colloquy, obviously, in Petitioner's plea agreement version of

facts, there is no weapon mention. By the same token, on Petitioner's Cousin "Jose Gabriel Del Valle", plea agreement there is an acceptance of the possession of a weapon during and in relation to a drug trafficking, despite he was a Police Officer, he was as the Government conceeds the main player in the offense, he was never charge with the weapon, under 924(c). Therefore Petitioner believes that the Court was confuse, but Petitioner's Lawyer never, corrected the Court's statements that Petitioner accept the presence of a weapon, at the plea colloquy. Obviously Petitioner's Counsel didn't prepare for the Sentencing Hearing.

Despite all the above stated, Petitioner understand that under the preponderance of the evidence standards, the Court didn't make the proper fact findings, to denied Petitioner's objections to the PSI. The Court just stated:

The Court:

> Thank you. Allright, well, my feeling on this is, firs, that the objection, technically, was an objection based on the standard of proof and sort of the pre Booker question raised by the Blakely case as to whether a sentencing factor such as this needs to be proved beyond a reasonable doubt. That was the premise of the objection. That was not resolved in Booker, sentencing factor such as this does not have to be proved beyond a reasonable doubt. So on this basis, the objection is denied.
>
> (Sentencing transcript page 5 lines 2 to 11).

Petitioner believes that accordinly with the plea agreement the Court can involve in a fact finding under preponderance of the evidence, but the Court didn't. The Petitioner's Counsel didn't

request the Court, to conduct a fact finding. The Court stated, at sentencing prior to Petitioner's, that "carrying his service revolver was like putting on his shoes" That statement is way far from an admittion of a possession of a weapon in relation to a drug trafficking. Application note 3 of Section 2D1.1 states that the adjustment should be applied if the weapon was present, unless it is clearly improbably that the weapon was connected with the offense.

The Supreme Court has held that:

> 'during and in relation to any drug trafficking crime " means that the firearm must have some purpose or effect with respect to the drug trafficking crime, its presence or involvement cannot be the result of accident or coincident.
>
> **<u>Smith v. United States</u>, 508 U.S. 223, 238 113 ct 2050, 124 L Ed 2d 138 (1993).**

Therefore, the Court should involve in a more deep fact finding, than the mere knowledge of a possession of a weapon by a co-defendant. Petitioner's Sentencing Hearing transcript, lacks of any fact finding as to the use of a weapon in relation to a drug trafficking. The only evidence presented by the Government is that Petitioner knew that his Cousin was a Police Officer, by the way he should it know that he war armed. The Government didn't present any evidence, that Petitioner's Cousin, agreed to carry or posses a firearm to protect any drug. There were conversation recordings before the transction, and the Government didn't use them to prove that the weapon was being use in relation to the drug transaction, contrary to he use of the weapon, based on Petitioner's Cousin Officer capacity. Furthermore, the Government didn't have any prove as the

use or possession of the weapon in relation to a drug trafficking because they never charge Petitioner's Cousin, with 924(c), as part of his plea.

Therefore, Petitioner believes that the Court didn't comply with the required, fact finding under preponderance of the evidence standard. And Counsel for Petitioner fail to appeal, the Court's decision.

Finally, Petitioner advise his Counsel since the beginning of the case that he had a minor participation in the offense because he never participate, in the negotiations with the CI, it was just his Cousin, and he did accept to go with his Cousin, the day of the transaction under his Cousin request.

Petitioner 's Counsel never, file a Motion for mitigation role as minor participant, and never bargain, the minor role with Prosecutor. At sentencing, the Prosecutor "allocuted" on behalf of Petitioner justifying why, Petitioners's sentence was only one year, of diference, in relation to his Cousin. In said allocution the Government concede Petitioner minor participation in the offense. Neither in the plea negotiations, nor the PSI the Government, makes any statements as to Petitioner and his Cousin play in the same role in the offense. By the contrary, at sentencing the Government, state that the main player in the offense was Petitioner's Cousin, and that Petitioner was in the back seat. Therefore if Counsel would present, a downward departure motion for minor participant, it would be granted ( see Sentencing transcrpt page 6 to 9 especially 8 and 9).

## V _ CONCLUSION

Petitioner believes that counsel was ineffective. It was counsel's error not to file a **Notice of Appeal**, after my request. Counsel was ineffective for failing to request a minor participation Down Departure, counsel fail to object to the Court's lack of fact findings under preponderance of the evidence standard. Due to the government didn't present any evidence that the weapon possess by my cousin as part of his officer capacity, was intended to be use in relation to the drug transaction.

Petitioner believes that he was prejudice by counsel's failure to file an Appeal. Counsel's errors also prejudice petitioner who would receive a 30 month sentence with a Guideline range level of 19, after the reduction of 2 points for minor enhancement. Instead I receive a 46 month sentence for counsel's errors. Therefore petitioner's sentence should be vacated set aside or corrected.

## VI _ RELIEF SOUGHT

Petitioner Basilio Aquiles Del Valle, respectfully request this Honorable Court for the following relief:

**A)** An **ORDER** remanding Petitioner to the district court for re-sentencing so that Petitioner can enjoy his right to counsel on direct appeal;

**B)** An **OEDER** remanding Petitioner to the district court to test the truth as to whether or not Petitioner specifically requested counsel to appeal his sentence based upon the firearms enhancement

that he did not possess a firearm "during and in relation to a drug trafficking offense", as alleged in Petitioner's 28 U.S.C.§1746 Certification;

**C)** If said evidentiary hearing is **ORDERED** because a further factual inquiry is necessary to resolve this claim pursuant to this Circuit's declaration in Murchu v. United States, 926 F. 2d 50 (1st Cir. 1991), Petitioner is respectfully requesting appointment of counsel pursuant to 18 U.S.C. §3006a(2)(B), or

**D)** Any other further relief that this Honorable Court deems just and appropriate and in the interest of justice.

Finally, in addition to the above requested relief, Petitioner respectfully submits that he is entitled to five procedural protections when bringing a habeas corpus action in forma pauperis. They are:

1) Process issued and served;

2) Notice of any motion thereafter made by Defendant/Respondant or the Court to dismiss the complaint and the grounds therefore;

3) An opportunity to at least submit a written memorandum in opposition to such motion;

4) In the event of dismissal, a statement of the grounds therefore; and

5) An opportunity to amend the complain to overcome any deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment. Noll v. Carlson, 809 F. 2d 1446 (9th Cir. 1987); see also Federal Rules of Civil Procedure 15(a) (habeas corpus petitions may be "amended or supplemented as

provided in the rules of procedure applicable to civil actions"); Littlejohn v. Artuz, 271 F. 3d 360, 363 (2nd Cir. 2001).

Respectfully Submitted

Basilio Del Valle

Basilio Aquiles Del Valle
Reg.N°: 05519-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

Done this 16 day of Feb., 2006.