UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BASILIO AQUILES DEL VALLE | : | |
| | : | |
| v. | : | C.A. No. 06-088-S |
| | : | CR No. 04-107-02-S |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

On February 27, 2006, the petitioner, Basilio Aquiles Del Valle, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside and/or correct his sentence.[1] In his motion, the petitioner contends that his trial counsel failed to file an appeal as directed by the defendant. Had counsel done so, the petitioner contends, he would have raised on appeal that he was improperly assessed a two-level increase for the presence of a weapon pursuant to USSG § 2D1.1(b)(1), and his counsel failed to argue for a minor role pursuant to USSG § 3B1.2.[2] The instant petition raises a dispositive issue of fact: whether the

---

[1] The petitioner has subsequently been assigned a court appointed attorney.

[2] The petitioner characterizes the adjustment as a "minor participation downward departure."

petitioner instructed his counsel to file a notice of appeal. If the Court concludes that he did, the defendant should be re-sentenced. If the Court concludes that he did not, the petition should be dismissed.

## II. <u>**PROCEDURAL HISTORY**</u>

On December 13, 2004, the petitioner pled guilty to a single count Information charging him and co-defendant, Jose Del Valle (a cousin) with conspiracy to possess with intent to distribute 1 kilogram of cocaine in violation of 21 U.S.C. §§ 841 (a)(1),(b)(1)(B)(ii), and 846. On March 4, 2005 the defendant was sentenced to 46 months incarceration which was the lowest end of the applicable guideline range calculated by the Court. That calculation consisted of a base offense level of 26 pursuant to USSG § 2D1.1; 2 levels for the presence of a weapon pursuant to USSG § 2D1.1(b)(1); a 2 level <u>decrease</u> for the safety valve pursuant to USSG § 2D1.1(b)(6); and a decrease of 3 levels for acceptance of responsibility. PSR pgs. 3-5.[3] The defendant had a criminal history category of I and an applicable range of 46-57 months. <u>Id</u> at p.5. The defendant did not file a direct appeal. The petition was filed on February 27, 2006 and because it was

---

[3] The application of the "safety valve" allowed the defendant to avoid the mandatory statutory minimum sentence of 60 months.

filed within one year of entry of final judgment, it is timely filed.

## III. **FACTS**

The facts are taken from the prosecution version, reproduced in the PSR at pg. 10. From a time unknown through on or about October 14, 2004, in the District of Rhode Island and elsewhere, the defendants, Jose Gabriel Delvalle a/k/a "Gabby", and Basilio Aquiles Delvalle, a/k/a "Shorty," conspired with persons known and unknown to possess with the intent to distribute one kilo, or 1000 grams of cocaine, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B)(ii), and 846.

Beginning in early September of 2004, defendant, Jose Gabriel Delvalle a/k/a "Gabby", an off duty New York City police officer began having conversations with a cooperating source ("CS") working for the Drug Enforcement Administration concerning the purchase of 10 kilograms of cocaine. Eventually, the parties agreed on a selling price of $18,500.00 per kilo. Thereafter and as prearranged, on October 14, 2004, the defendants arrived at the parking lot of a Motel 6 on Jefferson Boulevard in Warwick, Rhode Island. The two codefendants met with the CS to arrange for the purchase of a single kilogram of cocaine. (The meeting between the three was audio and videotaped.) If, according to the

conversations between the parties, the cocaine was acceptable to a third party purchaser in New York, the parties would take possession of a further nine kilos.

While the two codefendants and the CS met on October 14, 2004 and were discussing the arrangements, defendant Jose Gabriel Delvalle, was armed with a 9mm Smith & Wesson pistol, serial number VJE3692. The pistol was the defendant's police issued firearm.

After the defendants agreed to take possession of the single kilo which was represented to them by the CS as being present in the automobile, the defendants were arrested.

## IV. PETITIONER'S CLAIM

The defendant argues that his counsel offered ineffective assistance of counsel because he failed to file a notice of appeal despite being specifically instructed to do so. Petitioner's Memorandum p. 2-3; Petitioner's Affidavit p. 3. He then identifies the issues he would have raised on direct appeal: 1) counsel's failure at sentencing to "properly" litigate the firearm enhancement; and 2) counsel's failure to litigate the issue of minor role at sentencing.

## V. ARGUMENT

### 1. THE DEFENDANT'S PETITION PRESENTS AN ISSUE OF FACT WHICH MUST BE RESOLVED BEFORE ADDRESSING THE MERITS OF THE CLAIM

The defendant in this case frames the issue narrowly: that he directed his counsel to file a notice of appeal and his counsel failed to do so. The government has been in contact with defendant's trial counsel and counsel's position is that he was never told to file a notice of appeal.[4] The issue is thus one of fact which must first be resolved by the Court. The law is clear, a lawyer who fails to file a notice of appeal after being directed to do so by his client has rendered ineffective assistance of counsel. "[A] lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) citing Rodriques v. United States, 395 U.S. 327 (1969). In such a case, " . . . a defendant is entitled to a new appeal without showing that his appeal would likely have had merit." Id. This, of course, would eliminate the "prejudice" prong of Strickland v. Washington, 466 U.S. 668 (1984).[5]

---

[4] Letters provided by the Petitioner's trial counsel are attached as Exhibit A.

[5] Procedurally, in order to allow the defendant to take an appeal, the Court should re-sentence the defendant. See United States v. Maldanado, 242 F.3d 1, 2 (1st Cir. 2001). The Court

Conversely, if the Court finds the defendant did not instruct his counsel to file a notice of appeal, as his counsel contends his petition should be dismissed because claims not raised on direct appeal (i.e., the weapon, minor role arguments) are deemed waived. See Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). ("A nonconstititional claim that could have been, but was not, raised on appeal, may not be raised on collateral attack under § 2255 absent exceptional circumstances.") "The Supreme Court has repeatedly emphasized that § 2255 is not a substitute for direct appeal." Id.

Ordinarily, the government would take the position that the Court should re-sentence the defendant to allow him to take a direct appeal and conserve judicial as well as executive branch resources. This position is appropriate in those many cases where there is some ambiguity concerning a defendant's intentions and his counsel's subsequent action or inaction. See Roe v. Flores-Ortega, 528 U.S. 477-78. In this case no such ambiguity exists.

---

need not impose the same sentence though it is free to do so. Id. This, of course, would potentially include revisiting the application of the so-called "safety valve." This is true, particularly, where as here, the defendant has an obligation to truthfully disclose to the government all relevant information concerning the offense. See USSG § 5C1.2(a)(5). It appears that the defendant would have to walk a tightrope in this regard as it relates to the presence of a weapon, and the apparent mere presence stance intimated in his memorandum.

## VI. CONCLUSION

The government respectfully suggests that the Court set the matter down for a hearing to determine whether the defendant directed counsel to file a direct appeal. If the court finds that he did, the defendant should be re-sentenced. If the Court finds he did not, the petition should be dismissed.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2006 I sent by U.S. mail a true copy of the within Government's Memorandum of Law in Support of Response to Petitioner's Motion to Vacate, Set Aside and/or Correct Sentence was sent to:

Robert D. Watt, Esq.
84 Ship Street
Providence, RI 02903

Benjamin Mesiti, Esq.
454 Broadway
Providence, Rhode Island 02909