**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BASILIO AQUILES DEL VALLE** | : | |
| | : | **C.A. NO. 06-088-S** |
| **v.** | : | **CR. NO. 04-107-02-S** |
| | : | |
| **UNITED STATES OF AMERICA.** | : | |
| | : | |

**PETITIONER'S REPLY**
**TO GOVERNMENT'S RESPONSE TO**
**PETITIONER'S CLAIM UNDER §2255**
**AND PETITION FOR WRIT OF MANDAMUS**
**AND MOTION TO COMPEL.**

NOW COMES, Basilio Aquiles Del Valle, Petitioner Pro-Se in the above captioned matter. And respectfully object to the Government's response to his claim pursuant to 28 U.S.C. §2255, because the Government fail to comply with the rules , governing §2255 appeals. Petitioner will object to the Government's response to his petition for writ of mandamus and motion to compel, for the following reasons:

1) Petitioner will respectfully request this Honorable Court to allow him to rely on the statement of case, presented on the writ of mandamus, and the history of the case, developed in Petitioner's §2255 motion memorandum of law, to avoid, repeating the case history.

2) Petitioner will object to the Government's response to the petition for writ of mandamus and motion to compel, because the Government fail to address, the issue that Petitioner was extradite from Allenwood PA to Rhode Island on March 2006, and that the Government should have,

inform this Honorable Judge William E. Smith of this movement in order to have my §2255 evidentiary hearing, held one year ago, to avoid unnecessary delay.

The Government does not admits in its response, that I did cooperate with them in an ongoing investigation of the murder of the CI that was used in my case. Neither address the issue that they promise not to use my testimony against me, and now, I have been cited and accused in the Kent County Superior Court, for a case that I disclose to the Government in my proffer, violating the agreement, written agreement.

3) Petitioner will appose to the Government's response to my motion under §2255, first because they didn't comply with the rules governing §2255. The Government didn't served a copy of their response on Petitioner by March 21st., 2006, when they filed it, with the Court. Accordingly with the certificate of service, Petitioner does not appear on the certificate of service. Petitioner will also oppose because, despite the Government leaves under the Court's discretion to held a hearing on the failure to appeal issue, it is clear from the Counsel Mesiti's letter that we discuss about the appeal, because of my objections to the PSI which he fail to present. Counsel should have been asked to file an affidavit under penalty of perjury as I did, If he wanted to rebute my claim. Counsel did, sent me a letter on September 16th., 2005 which I adjoin to this motion on reply, but I also reply to that letter. See attachment B of this reply.

**ARGUMENT.**

Petitioner, will agree in one thing, with the Government. A hearing

should be held where I can test the truth as to Counsel's failure to appeal upon my request. But the issue of my cooperation with the Government should be address too, as also Counsel ineffectiveness should be address. Petitioner has been prejudice form Counsel's errors and relief should be granted. Petitioner has only 11 more months to serve, if this hearing would have been held back in 2006, when it was suppose to be held, then Petitioner would have received the benefit of a lower sentence. But the Government's unfairness, to benefit from Petitioner's cooperation, but disregard the burden of letting this Honorable Judge, know that I was available at Court, now the Government is just requesting the Court to decide if I have the right to appeal or not.

## CONCLUSION

Petitioner believes that for the best interest, of fairness and integrity of justice, a hearing properly and conclusively, addressing the ineffective assistance issue under the Sixth Amendment should be order, and Petitioner's §2255 should be granted.

Respectfully Submitted

*Basilio Del Valle*

BASISLI AQUILES DEL VALLE
REG. NO. 05519-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Done this *5* day of *March*, 2007

# PROOF OF SERVICE

I certify that on 3-5-07 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

U.S. DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
DISTRICT OF RHODE ISLAND
FLEET CENTER
50 KENNEDY PLAZA, EIGHTH FLOOR
PROVIDENCE, RHODE ISLAND 02903.

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 3-5-07 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Basilio Del Valle
Signature

BASILIO AQUILES DEL VALLE
REG. NO. 05519-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Dated: 3-5-07

Rev. 09/05

**BENJAMIN A. MESITI, ESQ.**

ATTORNEY AT LAW

454 BROADWAY • PROVIDENCE, RI 02909

PHONE (401) 751-3900

FAX: (401) 751-8983

Basilio DelValle
Reg.No. 05519-070
Allenwood Low Security Correctional Institution
P.O. Box 1000
White Deer, PA 17887-1000

September 16th, 2005

Dear Mr. DelValle,

This communication is in response to the letter you sent to me dated September 12, 2005. As you should recall, we had a very thorough discussion regarding your pre-sentence report and its contents, including your offense level, prior to the date of sentencing. There were some objections made prior to the sentencing, and those objections were argued in court. Throughout this process, you were very well aware that your offense level was calculated to be 23.

In your letter, you mention a discussion regarding an appeal. At no time did we discuss filing an appeal, nor did we have any discussion regarding any specific issues to file such an appeal. At no time did you or your family make any arrangements for my office to handle an appeal on your behalf.

With respect to the transcripts you requested, the court has not provided my office with them, nor are they required to. I would be more than happy to speak with your family about how they can obtain these transcripts directly from the court reporter, however, please know that there is a cost associated with obtaining such documentation.

I know that this has been a very difficult experience for you and that it has been physically and emotionally taxing on you and your family. I wish you the best of luck as you begin the rehabilitation process, and I hope that something positive can come from this experience. Enclosed are the documents that you requested (plea agreement and PSI.). You know that you and your family are always welcome to contact me regarding any issue.

Sincerely,

Benjamin A. Mesiti, Esq.

**BASILIO DELVALLE**
Reg.No.05519-070 - Allenwood
Low Security Correctional Institution
P.O. Box 1000 - White Deer, PA 17887-1000

September 22, 2005

**MR. JOSEPH J. VOCCOLA, ESQ.**
JOSEPH J. VOCCOLA AND ASSOCIATE
ATTORNEY AT LAW
454 Broadway
Providence, RI 02090

**In Re:** U.S. v. Delvalle.

Dear Mr. Mesiti:

I received your answer to my letter dated September 12, 2005. I do recall telling you that if the PSI was not amended, inorder to strick the two points for weapon.

I want you to Appeal my sentence. My family did told you to Appeal. Therefore you are mistaken in your perception. I want you to send me copy of every written objection that presented to the PSI. I also want a copy of my plea agreement which you stated in your letter that you send me, but I have not received.

In Re to the PSI, please send the PSI to my wife, because the BOP would reject it and the PSI would then be forward to the sender. In addition to the transcripts, I will do the diligence with the Court to obtain them.

Thank you much for your prompt attention to this matter.

Sincerely,

______________________

**BASILIO BELVALLE.**