UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BASILIO DEL VALLE

v. C.A. No. 06-088 S

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Basilio Del Valle ("Del Valle") filed a motion to vacate, set aside and/or correct sentence pursuant to 28 U.S.C. § 2255. Because Del Valle has presented evidence which, if credible, would entitle him to relief, the Court will hold a hearing to determine whether relief is warranted.

Background

On December 13, 2004, Del Valle pled guilty to a single count information charging him with conspiracy to possess with intent to distribute one kilogram of cocaine in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(B)(ii), and 846. Sentencing occurred on March 4, 2005. The Court determined that Del Valle's base offense level was 26, with a two-level increase for the presence of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1), a two-level decrease for the safety-valve pursuant to U.S.S.G. § 2D1.1(b)(6), and a decrease of three levels for acceptance of responsibility. With a criminal history of I, the Court determined that the applicable Guideline range was 46-57 months. The Court sentenced Del Valle to 46 months incarceration.

Del Valle did not file a direct appeal. This timely petition pursuant to Section 2255 timely followed.

## The § 2255 Motion

Del Valle filed the instant motion for Section 2255 relief asserting the following claim:

> 1. Counsel Failed to File an Appeal despite a specific instruction (Issue on appeal would be (a) the Court wrongly imposed a 2 point enhancement for the presence of a weapon- U.S.S.G. § 2D1.1(b)(1) and (b) he was entitled to a minor role participation in the offense pursuant to U.S.S.G. § 3B1.2).

## Analysis

Title 28, United State Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which

inherently results in a complete miscarriage of justice." Id. at 184-185 (internal quotation omitted).

Moreover, a motion under 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998). However, claims of ineffective assistance of counsel are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

**1. Ineffective Assistance of Counsel due to counsel's failure to file an appeal.**

Del Valle contends that his trial counsel was ineffective because he failed to file an appeal at his specific direction. Under the two part test in Strickland v. Washington, 466 U.S. 668 (1984), to demonstrate that counsel did not provide reasonably effective legal assistance, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," see id. at 688, and (2) that counsel's deficient performance prejudiced the defendant, see id., at 694.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland test to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. Under Roe, a defendant must show "deficient conduct" as

announced in Strickland with a modified version of the prejudice component: a defendant must demonstrate "a reasonable probability that, but for counsel's deficient conduct, he would have timely appealed." Id., at 484.

**A. Deficient Conduct**

Here, Del Valle claims that he instructed his trial counsel to file an appeal on his behalf, and that counsel failed to do so. See Petition Pursuant to 28 U.S.C. § 2255, Dckt #1, p. 5; Petitioner's Affidavit p. 3 ¶ 10. On the other hand, the government has supplied the Court with a letter from trial counsel indicating that counsel was never instructed to file an appeal.

Assuming *arguendo* that what Del Valle says is true, counsel's conduct would be considered deficient under Strickland and Roe. A lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Roe, 528 U.S. at 477-78 (internal citations omitted). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." Id. Counsel's failure to do so cannot be considered a strategic decision. Id.

**B. Prejudice**

After a defendant demonstrates that his counsel's conduct was deficient, the defendant must next demonstrate that he was prejudiced by this deficiency. "A defendant must demonstrate that

there is a reasonable probability, that, but for counsel's deficient conduct, he would have timely appealed." Roe, 528 U.S. at 484.

Whether the deficient performance caused the forfeiture of the appeal will turn on the facts of a particular case. Evidence that there were non-frivolous grounds for appeal or that the defendant promptly expressed a desire to appeal will often be highly relevant in making this determination. Roe, 528 U.S. at 485. Other factors include a trial court's instructions to the defendant regarding his right to appeal and any waiver of a right to appeal in a plea agreement. Harrington v. Gillis, 456 F.3d 118 (3d Cir. 2006).

The Supreme Court acknowledged the overlap of the deficiency and prejudice prongs, particularly the fact that they both may be demonstrated by pointing to a non-frivolous ground for appeal. Roe, 528 U.S. at 485. Nevertheless, the Court emphasized that it did not intend to reduce the two prongs into one in all cases.

> While the performance and prejudice prongs may overlap, they are not in all cases coextensive. To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel *his interest* in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he *would* have instructed counsel to file an appeal.
>
> By the same token, although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant *would* have appealed, a defendant's inability to specify the points he would raise were his right to appeal reinstated, will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe he would have appealed.

Id. at 486 (internal quotations omitted).

Moreover, although non-frivolous grounds may *support* a defendant's claim, it "is unfair to require ... a defendant to demonstrate that his hypothetical appeal might have merit." Id. A defendant must only demonstrate that, but for counsel's deficient conduct, he would have appealed. If the defendant cannot so demonstrate, counsel's performance has not deprived him of anything and he is not entitled to relief. Id. (citing Peguero v. United States, 526 U.S. 23 (1999) (defendant not prejudiced by court's failure to advise him of his appeal rights where he had full knowledge of his right to appeal and chose not to do so)).

Conclusion

Del Valle has properly alleged deficient conduct by trial counsel that, if proven, would entitle him to relief because it appears from the allegations in the § 2255 motion that Del Valle would have appealed, "but for counsel's deficient conduct." In order to determine whether Del Valle's motion to vacate, set aside and/or correct sentence is warranted, and because Del Valle's counsel has challenged the substantive allegations contained in the motion, the Court will hold an evidentiary hearing.

WESmith

William E. Smith
United States District Judge
Date: 5/11/07