UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BASILIO DEL VALLE | : | |
| v. | : | C.A. No. 06 - 088 S |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Basilio Del Valle ("Del Valle" or "Petitioner") filed a motion to vacate, set aside and/or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Del Valle's motion is granted.

**Background**

On December 13, 2004, Del Valle pled guilty to a single count information charging him with conspiracy to possess with intent to distribute one kilogram of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846. Sentencing occurred on March 4, 2005. The Court determined that Del Valle's base offense level was 26, with a two-level increase for the presence of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1), a two-level decrease for the safety-valve pursuant to U.S.S.G. § 2D1.1(b)(6), and a decrease of three levels for acceptance of responsibility. With a criminal history of I, the Court determined that the applicable Guideline range was

46-57 months. The Court sentenced Del Valle to 46 months incarcerated.

Del Valle did not file a direct appeal. This timely petition pursuant to Section 2255 followed.

**The § 2255 Motion and Hearing**

In his motion pursuant to 28 U.S.C. § 2255, Del Valle claims as his sole basis for relief, that counsel failed to file an appeal on his behalf. Because questions of fact remained unanswered in Del Valle's motion papers and the objection filed by the Government, an evidentiary hearing was held. The following facts were developed at the hearing and are undisputed:

Prior to sentencing, counsel[1] and Del Valle met at the Wyatt Detention Center to discuss the Pre-Sentence Report ("PSR") prepared by the U.S. Probation office. At the meeting, Del Valle voiced to counsel his objection to the application of a two-point enhancement for a co-defendant's possession of a firearm. Del Valle firmly insisted then, and insists now, that he had no knowledge about his co-defendant's firearm. Accordingly, Del Valle instructed counsel to challenge the firearm enhancement by filing an objection to the PSR. Counsel and Del Valle then discussed the possibility of an appeal if the Court made an unfavorable determination with respect to the firearm enhancement, but no decision was made at that time

[1] Del Valle retained Benjamin A. Mesiti, Esq., to represent him during his criminal proceedings.

regarding a potential appeal since the Court had not yet ruled on the matter.

At sentencing, the Court imposed the firearm enhancement. Following the imposition of the sentence, counsel never consulted with Del Valle regarding the viability of an appeal, despite Del Valle's previous instruction to challenge the firearm enhancement and their initial discussions regarding an appeal if there was an unfavorable determination with respect to the firearm enhancement. Indeed, counsel admitted at the evidentiary hearing that he did not consult with Del Valle after sentencing, and that he had no communication directly with Del Valle during the ten day period in which an appeal could have been filed.

Del Valle and his wife, on the other hand, made numerous unsuccessful attempts to contact counsel within the ten day period. Trial counsel acknowledged at the hearing that Del Valle and his wife attempted to contact him during the ten day period in which an appeal could have been filed. Counsel, however, never contacted Del Valle within that period. Accordingly, Del Valle never expressly instructed his counsel to file a notice of appeal on his behalf.

**Analysis**

Title 28, United States Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be

> released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotation and citation omitted).

Here, Del Valle claims that his counsel was ineffective because counsel failed to file an appeal on his behalf. Under the two part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), to demonstrate that counsel did not provide reasonably effective legal assistance, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," see id. at 688, and (2) that counsel's deficient performance prejudiced the defendant, see id. at 694.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland test to a claim that counsel was constitutionally ineffective for failing to file a notice of

appeal. Under Roe, a defendant must show "deficient conduct" as announced in Strickland with a modified version of the prejudice component: a defendant must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

A. Deficient Conduct

A petitioner can demonstrate deficient conduct under Roe by showing that he specifically instructed counsel to file an appeal, and counsel failed to do so. Roe v. Flores-Ortega, 528 U.S. at 477-78. Here, however, Del Valle never gave counsel an express instruction to file an appeal. That is so, because counsel never consulted with him following the imposition of his sentence. When counsel has not consulted with the defendant, the Court must determine whether counsel's failure to consult constitutes deficient performance. Roe, 528 U.S. at 480. Consultation, as defined by the Supreme Court, means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478.

Counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination,

courts must take into account all the information counsel knew or should have known. Id. at 480.

The undisputed testimony shows that Del Valle reasonably demonstrated to his counsel that he was interested in appealing. At a meeting with counsel prior to sentencing, Del Valle instructed counsel to challenge the firearm enhancement during the sentencing hearing. At that time, discussions were had regarding the possibility of an appeal if the Court made an unfavorable determination at sentencing regarding the firearm enhancement. No decision whether to appeal was made at that time because the sentencing hearing had not yet occurred and the outcome was, at best, speculative.

Rather than consulting with Del Valle after the sentencing hearing on the viability of any appeal, counsel abandoned his client. Counsel made no effort whatsoever to discover Del Valle's wishes regarding an appeal after sentencing, knowing that Del Valle expressed a strong objection to the firearm enhancement.

Del Valle and his wife, on the other hand, made numerous efforts to contact counsel. The undisputed testimony indicates that both Del Valle and his wife contacted counsel's law office during the ten day period in which an appeal could have been filed. Counsel admitted that his office received at least some of the phone calls made by Del Valle and his wife, yet counsel never ascertained the purpose of the calls. Such a simple step as

driving to the Wyatt facility and meeting with Del Valle would have revealed Del Valle's desire to appeal, and would have eliminated the need for this entire proceeding.

Accordingly, this Courts find that Del Valle reasonably demonstrated to counsel that he was interested in appealing and counsel's failure to consult in this matter was "deficient" under Roe.[2]

B. Prejudice

After a defendant demonstrates that his counsel's conduct was deficient, the defendant must next demonstrate that he was prejudiced by this deficiency. "[A] defendant must demonstrate that there is a reasonable probability, that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484.

Whether the deficient performance caused the forfeiture of the appeal will turn on the facts of a particular case. Evidence that there were non-frivolous grounds for appeal or that the defendant promptly expressed a desire to appeal will often be highly relevant in making this determination. Roe, 528 U.S. at 485.

Here, the testimony demonstrated that, at the meeting with counsel prior to sentencing, Del Valle directed counsel to challenge the firearm enhancement. At that time, Del Valle and his

---

[2] The Court makes no finding whether counsel violated the Rhode Island Rules of Professional Conduct.

counsel discussed appealing an unfavorable determination regarding the firearm enhancement since Del Valle felt strongly that such an enhancement was an error. The testimony also demonstrated that both Del Valle and his wife attempted to contact counsel during the ten day period in which an appeal could have been filed.

Had counsel bothered to consult with Del Valle after sentencing, counsel would have known that Del Valle desired to appeal. Counsel's performance deprived Del Valle of an appeal he otherwise would have taken. In short, Del Valle would have appealed "but for counsel's deficient conduct" in failing to consult.

C. Remedy

Having determined that counsel was constitutionally deficient with respect to his "consultation" under Roe and that prejudice resulted to Del Valle, the Court must now determine the appropriate remedy. Del Valle seeks a full re-sentencing hearing. Counsel for the government did not advocate a position on this issue.

Section 2255 provides, in pertinent part:

> [i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255, ¶ 2. "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate

remedy." United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000) (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)). "This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'" Id., (quoting United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997)).

Here, Del Valle claims he was denied the opportunity to appeal due to counsel's ineffectiveness. Where, as here, such allegations are substantiated, the appropriate remedy is to permit a direct appeal. To achieve that end, the Court is not required to engage in a *de novo* re-sentencing but may instead vacate the initial sentencing judgement and summarily reimpose a sentencing judgement identical in all respects to the earlier judgement except for the date of entry. Torres-Otero, 232 F.3d at 31-32.

> When the district courts . . . conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect the remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is ten days, which is dictated by [Federal] Rule [of Appellate Procedure] 4(b)(1)(A)(i).

Id. at 31-32, (quoting United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)). Such a procedure will be followed here.

Conclusion

Accordingly, Del Valle's motion to vacate, set aside and/or correct sentence is granted. It is hereby **ORDERED**:

1. The criminal judgment imposed by the Court on March 9, 2005 in the case of United States of America v. Basilio Aquiles DelValle, CR. No. 04-107-02 S is hereby VACATED.

2. The Clerk is ordered to enter a new judgment in CR. No. 04-107-02 S that is identical to the previous judgment in all respects except for the date of entry.

3. Petitioner is hereby notified of his right to appeal this new judgment within ten days of the date of its entry.

4. Recognizing that the Petitioner may be incarcerated at some distance from the Court, and that notice of the Court's order may take time to reach him, the Clerk will file a notice of appeal on the Petitioner's behalf in CR. No. 04-107-02 S, if, within seven days of the date of the amended judgment, counsel for the Petitioner or the Petitioner, *pro se*, has not filed such a notice of appeal.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge
Date: 7/31/07